# EXHIBIT 1

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CG N001

*0017433 8*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2011L000693
CALENDAR/ROOM X
TIME 00:00
Product Liability

No. _____

DAVID DEZELAN, Plaintiff,
_____
(Name all parties)

v.

DEPUY ORTHOPAEDICS, INC., Defendant
_____

Please serve:

DePuy Orthopaedics, Inc.
c/o CT Corporation (Reg. Agt.)
208 S. LaSalle Street, #814
Chicago, IL 60604

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 40714
Name: The Rooth Law Firm, PC
Atty. for: Plaintiff
Address: 1330 B Sherman Avenue
City/State/Zip: Evanston, Illinois 60201
Telephone: 847.869.9100

WITNESS, _____

JAN 19 2011

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2011L000693
CALENDAR/ROOM X
TIME 00:00
Product Liability

DAVID DEZELAN, Plaintiff,

(Name all parties)

v.

DEPUY ORTHOPAEDICS, INC., Defendant

Please serve:

DePuy Orthopaedics, Inc.
c/o CT Corporation (Reg. Agt.)
208 S. LaSalle Street, #814
Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 40714
Name: The Rooth Law Firm, PC
Atty. for: Plaintiff
Address: 1330 B Sherman Avenue
City/State/Zip: Evanston, Illinois 60201
Telephone: 847.869.9100

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVSION

| | | |
|---|---|---|
| DAVID DEZELAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | |
| DEPUY ORTHOPAEDICS, INC., | ) | |
| a Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, DAVID DEZELAN, by and through his attorneys, THE ROOTH LAW FIRM, A Professional Corporation, and complaining against Defendant, DEPUY ORTHOPAEDICS, INC., and alleges the following:

### COUNT I
### STRICT LIABILITY

1.   That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC. was an Indiana Corporation with its principal place of business located in Warsaw, Indiana.

2.   That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC. was duly registered and/or licensed to do business in the State of Illinois and regularly conducted business in Cook County, Illinois.

3.   That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC. was in the business of designing, manufacturing, distributing and selling certain orthopedic implants, including various component parts for knee replacement implants.

4.   That on or about February 9, 2010, Plaintiff, DAVID DEZELAN underwent a surgical knee replacement procedure performed by Dr. Wayne Goldstein utilizing a P.F.C.

Sigma Knee System, including a 2mm Off-Set Femoral Stem Bolt, designed, manufactured, distributed and sold by Defendant, DEPUY ORTHOPAEDICS, INC.

5. That prior to February 9, 2010, the medical devices referred to in Paragraph Four above, specifically, the P.F.C. Sigma Knee System and 2mm Off-Set Femoral Stem Bolt, were approved by the Federal Drug Administration through its 510(k) approval process.

6. That on and before February 9, 2010, and at all relevant times herein, DEPUY ORTHOPAEDICS, INC. had a duty to place into the stream of commerce, manufacture, distribute, market, promote and sell medical devices, such as the ones that were specifically referred to in Paragraph Four above, that were not defective and unreasonably dangerous when put to the use for which they were designed, manufactured, distributed, marketed and sold.

7. That on and before February 9, 2010, and at all relevant times herein, DEPUY ORTHOPAEDICS, INC. did in fact design, manufacture, sell, distribute, supply, and/or promote the P.F.C. Sigma Knee System and 2mm Off-Set Femoral Stem Bolt implanted in DAVID DEZELAN and his sold to the implanting physician referred to in Paragraph Four above.

8. That Defendant, DEPUY ORTHOPAEDICS, INC. expected the medical devices referred to in Paragraph Four above to reach, and did in fact reach, the implanting physicians and consumers in the state of Illinois, including Plaintiff, DAVID DEZELAN and his implanting physicians, without substantial change in condition.

9. That at the time the medical devices referred to in Paragraph Four left the possession of Defendant, DEPUY ORTHOPAEDICS, INC., and entered the stream of commerce, the 2mm Off-Set Femoral Stem Bolt (hereinafter referred to as the "Bolt") was in an unreasonably dangerous and defective condition by virtue of one or more of the following defects:

2

a. The Bolt was not reasonably safe as intended to be used;

b. The Bolt contained machining defects which made it susceptible to fatigue and failure; or

c. The Bolt contained unreasonably dangerous design defects including an inherently unstable and defective design which resulted in an unreasonably high probability of early failure; or

d. The Bolt contained excessive mechanical machining surface scratches which made it susceptible to fatigue and failure; or

e. The Bolt contained micro structure defects which made it susceptible to fatigue and early failure; or

f. The Bolt was manufactured using improper heat treatment;

g. The Bolt's defective manufacture resulted in a Bolt which was more dangerous than the ordinary consumer would expect; or

h. The Bolt failed to perform in a manner reasonably expected in light of its nature and intended function and subjected DAVID DEZELAN to an unreasonable risk of harm beyond that contemplated by an ordinary person; or

i. The Bolt was insufficiently tested for the presence of surface scratching; or

j. The warning to DAVID DEZELAN and DAVID DEZELAN'S implanting physicians about the dangers the Bolt posed to consumers, including DAVID DEZELAN, inadequately warned of the possibility of early failure.

10. That Plaintiff, DAVID DEZELAN used the medical devices referred to in Paragraph Four above for their intended purpose.

11. That Plaintiff, DAVID DEZELAN could not have discovered any of the defects referred to in Paragraph Nine above through the exercise of due care.

12. That Defendant, DEPUY ORTHOPAEDICS, INC. as designer, manufacturer, marketer, distributor and seller of medical devices are held to the level of knowledge of an expert in its field.

3

13. That Plaintiff, DAVID DEZELAN, and the implanting physician, did not have substantially the same knowledge as Defendant, DEPUY ORTHOPAEDICS, INC. with respect to the design, manufacture, distribution and sale of the medical devices referred to in Paragraph Four above.

14. That as a direct and proximate result of one or more of the foregoing defects referred to in Paragraph Nine above, on or about August 5, 2010, the Bolt fractured, failed and became displaced within the knee joint thereby causing Plaintiff, DAVID DEZELAN to suffer and sustain serious and permanent personal injuries thereby causing him to endure great pain and suffering, further causing him incur large monetary expense in seeking the medical cure, care and treatment for said personal injuries, in the past and in the future further causing him to lose monetary gains from his employment, further causing him to become disabled and unable to attend to the normal affairs of his life.

WHEREFORE, Plaintiff DAVID DEZELAN, prays for judgment against Defendant, DEPUY ORTHOPAEDICS, INC. in excess of Fifty Thousand Dollars ($50,000.00) the jurisdictional sum necessary to bring this action, plus the costs of this action.

### COUNT II
### NEGLIGENCE

1. That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC. was an Indiana Corporation with its principal place of business located in Warsaw, Indiana.

2. That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC., was duly registered and/or licensed to do business in the State of Illinois and regularly conducted business in Cook County, Illinois.

3. That on and before February 9, 2010, and at all relevant times herein, Defendant, DEPUY ORTHOPAEDICS, INC., was in the business of designing, manufacturing,

distributing and selling certain orthopedic implants, including various component parts for knee replacement implants.

4. That on or about February 9, 2010, Plaintiff, DAVID DEZELAN underwent a surgical knee replacement procedure performed by Dr. Wayne Goldstein utilizing a P.F.C. Sigma Knee System, including a 2mm Off-Set Femoral Stem Bolt, designed, manufactured, distributed and sold by Defendant, DEPUY ORTHOPAEDICS, INC.

5. That prior to February 9, 2010, the medical devices referred to in Paragraph Four above, specifically, the P.F.C. Sigma Knee System and 2mm Off-Set Femoral Stem Bolt, were approved by the Federal Drug Administration through its 510(k) approval process.

6. That on and before February 9, 2010, and at all relevant times herein, DEPUY ORTHOPAEDICS, INC. owed Plaintiff, DAVID DEZELAN a duty to exercise due care in the design, manufacture, distribution, marketing, promotion and sale of the medical devices referred to in Paragraph Four above so that said medical devices were reasonably safe for their intended use.

7. That on and before February 9, 2010, and at all relevant times herein, DEPUY ORTHOPAEDICS, INC. did in fact design, manufacture, sell, distribute, supply, and/or promote the P.F.C. Sigma Knee System and 2mm Off-Set Femoral Stem Bolt (hereinafter referred to as the "Bolt") implanted in DAVID DEZELAN and his sold to the implanting physician referred to in Paragraph Four above.

8. That Defendant, DEPUY ORTHOPAEDICS, INC., expected the medical devices referred to in Paragraph Four above to reach, and did in fact reach, the implanting physicians and consumers in the state of Illinois, including Plaintiff, DAVID DEZELAN, and his implanting physicians, without substantial change in condition.

9. That notwithstanding the duty it owed to Plaintiff, Defendant, DEPUY ORTHOPAEDICS, INC., breached that duty by committing one or more of the following acts or omissions:

   a. carelessly and negligently allowed to the Bolt to be sold and used while containing machining defects which made it susceptible to fatigue and failure; or

   c. carelessly and negligently failing to inspect the Bolt for machining defects;

   d. carelessly and negligently manufactured the Bolt in such a manner so as to allow excessive mechanical machining surface scratches which made it susceptible to fatigue and failure; or

   e. carelessly and negligently utilized materials in the manufacture of the Bolt which contained micro structure defects which made it susceptible to fatigue and early failure; or

   f. carelessly and negligently manufacturing the Bolt using improper heat treatment; or

   g. carelessly and negligently failing to adequately test the Bolt for the presence of surface scratching; or

   h. carelessly and negligently failing to utilize adequate inspection manufacturing processes to discover machining defects in the Bolt; or

   i. carelessly and negligently distributing and selling a Bolt which contained excessive surface scratches; or

   j. carelessly and negligently failing to warn DAVID DEZELAN and DAVID DEZELAN'S implanting physician of that the Bolt was susceptible to early failure.

10. That Defendant, DEPUY ORTHOPAEDICS, INC., knew or should have known that Plaintiff, DAVID DEZELAN, would utilize the medical devices referred to in Paragraph Four above in the manner described herein.

11. That as a direct and proximate result of one or more of the foregoing acts or omissions referred to in Paragraph Nine above, on or about August 5, 2010, the Bolt failed and fractured thereby causing Plaintiff, DAVID DEZELAN, to suffer and sustain serious and

6

permanent personal injuries thereby causing him to endure great pain and suffering, further causing him incur large monetary expense in seeking the medical cure, care and treatment for said personal injuries, in the past and in the future further causing him to lose monetary gains from his employment, further causing him to become disabled and unable to attend to the normal affairs of his life.

WHEREFORE, Plaintiff DAVID DEZELAN prays for judgment against Defendant, DEPUY ORTHOPAEDICS, INC., in excess of Fifty Thousand Dollars ($50,000.00), the jurisdictional sum necessary to bring this action, plus the costs of this action.

By: _____

Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847-869-9100
Attorney Code: 40714

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVSION

| | |
|---|---|
| DAVID DEZELAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| DEPUY ORTHOPAEDICS, INC., | ) |
| a Foreign Corporation, | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT PURSUANT TO**
**SUPREME COURT RULE 222**

I, Robert J. Rooth, under penalties of perjury as set forth in Section 1-109 of the Illinois Code of Civil Procedure, do hereby state and depose the following:

1. That I am the attorney for Plaintiff, David Dezelan.

2. That the amount sought for damages in this cause exceeds Fifty Thousand Dollars ($50,000.00).

_____
Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
Attorney Code: 40714